# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5271**                                   **September Term, 2021**

**1:19-cv-02117-TJK**
**1:19-cv-02530-TJK**

**Filed On: February 24, 2022**

I.A., et al.,

        Appellees

        v.

Merrick B. Garland, Attorney General of the
United States, in his official capacity, et al.,

        Appellants
------------------------------
Consolidated with 20-5273

        **BEFORE:**    Millett, Wilkins, and Jackson*, Circuit Judges

## O R D E R

Upon consideration of the motion to dismiss these consolidated appeals as moot and vacate the district court's judgments, the response thereto, and the reply, it is

**ORDERED** that the motion be granted as to the unopposed request to dismiss the appeals as moot, and denied as to the request for vacatur. With respect to the request to dismiss the appeals as moot, the appellees' issuance of a joint final rule that supersedes the joint interim rule giving rise to the complaints in these cases has rendered these appeals moot. See Planned Parenthood of Wisconsin, Inc. v. Azar, 942 F.3d 512, 516 (D.C. Cir. 2019).

With respect to the request to vacate the district court's judgments, the party requesting vacatur has the burden of demonstrating "equitable entitlement to the extraordinary remedy of vacatur." U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18, 26 (1994). Appellants have not done so here. Furthermore, vacatur is generally inappropriate when "the party seeking relief from the judgment below caused the mootness by voluntary action." Id. at 24; see also Center for Science in the Public Interest v. Regan, 727 F.2d 1161,1166 (D.C. Cir. 1984).

* A statement by Circuit Judge Jackson, concurring in this order, is attached.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-5271**                                    **September Term, 2021**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
        Manuel J. Castro
        Deputy Clerk

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-5271**                                    **September Term, 2021**

Jackson, Circuit Judge, concurring:

The order that we issue today clearly states the background legal principle that should be the starting point for every determination of whether *Munsingwear* vacatur is appropriate: that the party requesting vacatur bears the burden of showing that the equities entitle it to that "extraordinary remedy." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). I write separately to underscore this point, which I find especially important in the recurring context of a district court opinion that invalidates a subsequently superseded agency rule.

When a district court invalidates a rule under the Administrative Procedure Act, it is not unusual for the agency to update the faulty rulemaking. And it has become increasingly common for the agency to then invoke the *Munsingwear* doctrine in the court of appeals to seek vacatur of the district court's written opinion. That happened here, and it has happened before. But rote vacatur of district court opinions, without merits review and simply because the dispute is subsequently mooted, is inconsistent with well-established principles of appellate procedure and practice. I am thinking, in particular, of the uncontroversial notion that the law presumes that issued opinions are valuable and correct. *See, e.g.*, *Bancorp*, 513 U.S. at 26. Indeed, we have long held that "there is no particular reason to assume that a decision, later mooted, is any less valid as precedent than any other opinion of a court." *Mahoney v. Babbitt*, 113 F.3d 219, 222 (D.C. Cir. 1997). Therefore, contrary to the representations of the Department of Justice in this case, the ordinary practice is *not* to vacate determinations of law that were previously rendered, and legal databases teem with opinions that were issued in cases that are subsequently settled or otherwise resolved.

This is by design. When appeals courts leave undisturbed district court opinions issued in cases that become moot over time, they simply leave the parties where they find them, which is the least disruptive (and arguably most beneficial) stance with respect to the efforts of the parties and the judicial resources that have paved the way up to the point of appellate review. *See Ctr. for Sci. in the Pub. Int. v. Regan*, 727 F.2d 1161, 1166 (D.C. Cir. 1984) (noting that, where vacatur is denied, "the prevailing party [will] be left in the same position as if no appeal had been taken"); *see also In re Mem. Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988) ("The bankruptcy and district judges devoted many hours to this case and resolved it on the merits [in] decisions [with] persuasive force as precedent that may save other judges and litigants time in future cases."). Put another way, the dispute-and-decision bell cannot be unrung—there *was* a dispute and someone was declared the winner. Written opinions are the most accurate historical record of what

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5271**                                    **September Term, 2021**

the supervising court thought of those events.  And in a common law system of case-by-case adjudication, that history need not, and should not, be cavalierly discarded.  As the Supreme Court has long recognized, indiscriminate vacatur is harmful, for it "would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system."  *Bancorp*, 513 U.S. at 27.

Of course, "fairness to the parties," *id.*, cannot be ignored.  And *that* is where motions for vacatur fit in.  Appellate courts retain the power to employ this extraordinary equitable remedy—without consideration of the merits of a lower court's opinion—*precisely because* fairness may require that result.  *See id.* at 25.  But whether vacatur is actually justified with respect to any district court opinion "turns on the conditions and circumstances of the particular case."  *Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) (per curiam) (quotation marks and citation omitted).  The typical scenario in which vacatur is warranted is one in which legal consequences clearly follow from the lower court's decision but mootness renders that judgment unreviewable, leaving the would-be appellant stuck.  *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950) (explaining that vacatur "prevent[s] a judgment, unreviewable because of mootness, from spawning any legal consequences"); *see also, e.g.*, *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (basing the decision to vacate a circuit's decision due to subsequent mootness on the fact that "a constitutional ruling in a qualified immunity case is a legally consequential decision").  By contrast, where the district court's ruling pertains to an agency rule that is subsequently pulled and replaced—rendering the district court's opinion about the prior rule effectively defunct—it is hard to imagine any legal consequence or residual impact that might warrant vacatur.

Moreover, the agency's lack of *fault* for the enactment of a new rule that moots the appeal (*see* Appellants' Mot. at 19–20; Appellants' Reply at 1–5) is largely beside the point.  When the burdens and purposes of vacatur are properly understood, identifying the party at fault is not an argument *for* equitable vacatur.  Rather, it serves merely to divest an appellant who might otherwise be entitled to vacatur of the right to claim that remedy.  Respondents have rightly discerned that an appellant who causes their own appeal to become moot ordinarily should not be rewarded with vacatur of the lower court's ruling on mootness grounds.  Opp'n to Appellants' Mot. at 9–12; *see, e.g.*, *Bancorp*, 513 U.S. at 24–25; *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 351 (D.C. Cir. 1997); *Am. Fam. Life Assur. Co. of Columbus v. F.C.C.*, 129 F.3d 625, 630 (D.C. Cir. 1997).  But even if the government is perfectly blameless with respect to mootness, in order to justify vacatur, it must *still* demonstrate that the district court's ruling is legally consequential or

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5271**                                              **September Term, 2021**

that the government would somehow otherwise be prejudiced if the judgment were permitted to stand.

*That* is where the Department of Justice falters in this case. In my view, the Department of Justice here pays far too much attention to whether it is responsible for the mootness of its own appeal and far too little to the more important threshold question of whether it has a legitimate claim to this extraordinary remedy at all. And its argument that the existence of the unfavorable district court opinion is prejudicial to the government because the opinion might be cited by "other plaintiffs" in the future, Appellants' Mot. at 17, is no answer, in the absence of any demonstration that the district court's decision is legally consequential in any respect. It simply cannot be that the mere maintenance of the official record of an Article III judge's non-binding views about contested legal issues is inherently unfair to the losing party.

In sum, the Department of Justice has not provided this court with any reason to conclude that the equities favor displacing the presumption of validity afforded to the district court's opinion. And having found that vacatur is not warranted, I concur in the conclusion that the government's *Munsingwear* motion must be denied.

Page 3